UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEREK PERRY BAKER,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>NATIONAL IMPROVEMENT FUND, LLC,<br><br>　　　　　　　　　Defendant. | Case No. 2:17-cv-02746-JCM-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP App. – ECF No. 1) |

　　　　This matter is before the court on Plaintiff Derek Perry Baker's Application to Proceed *In Forma Pauperis* (ECF No. 1). The application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

**I.   IN FORMA PAUPERIS APPLICATION**

　　　　Mr. Baker is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a proposed complaint. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a filing fee and administrative fee totaling $400 is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without the prepayment of fees and costs if the person files an IFP application including an affidavit stating that he or she is unable to pay the initial fees. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases).

　　　　A "district court may deny leave to proceed in forma pauperis at the outset if it appears

from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits"). Consistent with this principle, a district court may properly deny an IFP application where the movant has not carried his burden of establishing standing and jurisdiction. *Minetti*, 152 F.3d at 1115; *see also Ghazibayat v. SBC Advanced Sols., Inc.*, 288 F. App'x 408 (9th Cir. 2008) (affirming the district court's denial of IFP application where complaint that was barred by *Rooker-Feldman* doctrine on its face); *Camarena v. Jones*, 19 F. App'x 665 (9th Cir. 2001) (affirming denial of IFP application where the complaint alleged a constitutional violation because the "district court does not have jurisdiction over an action that requires the review of a state court judgment") (citing *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994)).

As explained in this report of findings and recommendation, the court recommends denial of Baker's IFP application because the court lacks jurisdiction over his Complaint (ECF No. 1-1).

## II.  SCREENING THE COMPLAINT

Federal courts must screen any IFP complaint or amended complaint before allowing the case to move forward, issuing summons, and requiring an answer or responsive pleading. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). If the court determines that the complaint states a plausible claim for relief, the Clerk of the Court will be directed to issue summons to the defendant(s) and the plaintiff must then serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). If the court determines that the complaint fails to state an actionable claim, the complaint is dismissed without prejudice and the plaintiff is ordinarily given leave to amend with directions as to curing the pleading deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010).

However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### A. Legal Standard

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound "to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in law and fact. *Id.*; *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke*, 490 U.S. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In addition, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and federal statutes. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). There are two kinds of subject matter jurisdiction: (a) federal question, giving the district court original jurisdiction over all "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (a) diversity of citizenship, giving the district court original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000, 28 U.S.C. § 1332.

A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A federal district court is obligated to ensure it has jurisdiction over an action, and once it determines it lacks jurisdiction, it has no further power to act." *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1017–18 (D. Nev. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare

the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594–95 (9th Cir. 1996).

For the reasons discussed below, the court finds that the complaint does not state a proper basis for federal jurisdiction. The jurisdictional deficiency cannot be remedied by amendment; thus, the court recommends that his IFP application be denied and the complaint be dismissed.

**B. Analysis**

The Complaint (ECF No. 1-1) names as defendants (1) National Improvement Fund, LLC, the owner of his apartment complex; (2) Cordoba Arms Apartments, located on Sierra Vista Drive in Las Vegas, Nevada; and (3) Joseph Daneshgar, the apartment manager. Mr. Baker asserts tort claims related to his apartment arising from defendants' negligence and alleged violations of multiple Nevada laws. He prays for damages "in excess of $15,000." The civil cover sheet (ECF No. 1-4) filed with the complaint indicates that this action was "removed from state court." The first page of the complaint is a cover page noting that the "original formal complaint [was] filed in The Eighth Judicial District Court of Clark County Nevada." It provides cases numbers for both a district court case, A758074, and an appeal before the Nevada Supreme Court, 74146.

This court has reviewed the state court docket and takes judicial notice of those proceedings.[1] *Baker v. National Improvement Fund, LLC et al.*, Nev. Dist. Ct. No. A-17-758074-C, Nev. Sup. Ct. No. 74146. On September 20, 2017, the state district court entered an order of dismissal with prejudice in favor of all three defendants. Mr. Baker filed a notice of appeal to the Nevada Supreme Court on September 25, 2017. He filed his proposed complaint in this court on October 31, 2017. While Baker's IFP application was pending, the Nevada Supreme Court entered judgment dismissing the appeal on June 12, 2018.

As an initial matter, this case was not removed. Mr. Baker filed his IFP application and

---

[1] Judicial notice is properly taken of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue. *E.g., Byrd v. Phoenix Police Dep't*, 885 F.3d 639 n.3 (9th Cir. 2018) (taking judicial notice of certain documents from a state court's docket in a plaintiff's criminal case); *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1094 (9th Cir. 2004).

attached complaint after the state court dismissed his state claims and approximately 30 days after he filed a notice of appeal to the Nevada Supreme Court. A plaintiff may not remove a case to federal court. Pursuant to 28 U.S.C. § 1441, a *defendant* may remove an action to a federal district court, not a plaintiff. The statute specifically provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States …." 28 U.S.C. § 1441(a) (emphasis added). The plain text of the statute demonstrates that a plaintiff is not entitled to remove his state court case to federal court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–08 (1941); *see also Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007) (recognizing "*Shamrock*'s longstanding rule that a plaintiff/cross-defendant cannot remove an action to federal court").

Having reviewed the complaint and the state court docket, it is apparent that Mr. Baker disagrees with the state court's dismissal of his complaint and, is attempting to have a second bite of the apple in federal court. However, he may not file a federal case to attempt to appeal an adverse state court the judgment.

Federal district courts do not have appellate jurisdiction over state courts, whether by direct appeal, mandamus, or otherwise. *See*, *e.g.*, *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). This principle has become known as the *Rooker-Feldman* doctrine, and it provides that federal courts lack jurisdiction to exercise appellate review over final state court judgments. *Id.*; *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). In general, the *Rooker-Feldman* doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009) (internal citation omitted).

Mr. Baker has not alleged any basis for federal jurisdiction. No federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists for negligence claims brought under Nevada state law. Additionally, Baker has not invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction would require that Baker and defendants be citizens of different

states, but the complaint indicates that all are Nevada citizens. This court does not have appellate jurisdiction to review any decision by a Nevada state court. Mr. Baker has not identified any statutory source to support appellate jurisdiction in this court. Because it is clear from the face of the complaint that the court lacks subject matter jurisdiction and it is clear there is no possibility that the jurisdictional defect can be cured by amendment, the undersigned recommends that this case be dismissed and the Clerk of the Court be instructed to close the case.

Based on the foregoing,

**IT IS RECOMMENDED** that:

1. Mr. Baker's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**.

2. The complaint be **DISMISSED**.

3. The Clerk of the Court be instructed to enter judgment accordingly.

Dated this 12th day of September, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections

to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.